IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL A DEVITA,                )
                                 )
        Plaintiff,               )
                                 )
v.                               )        CASE NO. 1:25-CV-437-ECM-KFP
                                 )
TOWN OF WEBB, ALABAMA, et al.,   )
                                 )
        Defendants.              )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Michael A Devita was previously granted leave to proceed in forma pauperis, which obligates the Court to undertake review of the Second Amended Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action).

## I.    PROCEDURAL HISTORY

Plaintiff filed this case on June 13, 2025. Doc. 1. After reviewing the Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court ordered Plaintiff to file an Amended Complaint by July 30, 2025. Doc. 9. In this Order, the Court provided Plaintiff with notice about his failure to state a claim. *Id.* The Court listed the requirements Plaintiff was obliged to follow to overcome the pleading deficiencies in his complaint. *Id.* at 3–5. Finally, the Court "expressly cautioned" Plaintiff "that his failure to file an Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure will result in a recommendation that the action be dismissed." *Id.* at 4.

After Plaintiff was granted an extension through August 4, 2025, Plaintiff filed his Amended Complaint on August 5, 2025. Doc. 12. Plaintiff then filed another Amended Complaint on September 10, 2025, which the Court construed as Plaintiff's Second Amended Complaint; this is the operative pleading. *See* Docs. 13, 17.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1915, a court may dismiss an in forma pauperis complaint if it is frivolous, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). An action is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Pro se pleadings are held to a less stringent standard than those drafted by an attorney and should be liberally construed by courts. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). The leniency afforded pro se litigants does not allow the Court to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). Pro se pleadings still must comply with the Federal Rules of Civil Procedure. *Hopkins v. Saint Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010)[1] (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

---

[1] Here, and elsewhere in this Order, the Court cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

## III.    DISCUSSION

Plaintiff brings this action against Town of Webb, Alabama, Webb Municipal Court, Carla Woodall, Houston County's Clerks Office, Ferguson's Wrecker Service, LLC, John and Jane Smith 1-10, "and all other known or unknown individuals acting as representatives of and for Michael Devita." Doc. 13 at 1. He alleges that all Defendants "violated Plaintiff's rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments." *Id.*

Plaintiff sets forth a series of events that occurred between November 15, 2022, and October 3, 2024. Doc. 13 ¶¶ 8–18. On November 15, 2022, Plaintiff "was issued citation #U1999712 by Officer Franks[2] outside the jurisdiction of the Town of Webb." *Id.* ¶ 8. He asserts certain events concerning his appearance in the Webb Municipal Court on January 3, 2023, during which "the actor judge found Plaintiff guilty." *Id.* ¶ 9. Plaintiff then describes certain actions he took after this finding of guilty, including his attempt to file a Motion to Dismiss and Notice of Appeal. *Id.* ¶ 10. Plaintiff was "summoned" to attend a hearing on March 4, 2023. *Id.* ¶ 12. He alleges that this was related to a speeding ticket. *Id.* He left without attending the hearing, and on September 22, 2023, he was arrested for failing to appear. *Id.*

Plaintiff was held in custody and "coerced to plead guilty under duress." *Id.* ¶¶ 13–14. Plaintiff asserts the municipal court made a clerical error and "did not have jurisdiction to prosecute, convict, warrant, jail or issue" an "excessive bail amount" for his failure to

---

[2] Officer Franks is not a defendant.

appear arrest. *Id.* ¶¶ 15–16. He muses on a sighting of his "ex girlfriend" while at the municipal court and speculates reasons for her presence. *Id.* ¶ 17. Plaintiff's truck was apparently seized at some point and he alleges various issues with his truck upon its return to him from Ferguson's Wrecker Service, LLC. *Id.* ¶ 18.

Plaintiff includes a list of counts in his "Claims for Relief" section. He asserts Count I – Denial of Due Process; Count II – Excessive Bail and Unlawful Detention; Count III – Access to Courts Denied; Count IV – Unlawful Arrest and Coerced Plea; Count V – Violation of Procedural Due Process and Privacy Rights; Count VI – Unlawful Debtors' Imprisonment; Count VII: Breach of Fiduciary Duty; Count VIII – Violation of Fourth Amendment (Unreasonable Search & Seizure). While Plaintiff separately lists these "Causes of Action," he does not connect any of these causes of action to particular parts of his factual assertions or make clear who each claim is brought against.

For example, in some of Plaintiff's counts, Plaintiff does not identify any Defendant at all:

- In Count II, Plaintiff states "Plaintiff was subjected to an excessive cash-only $5,000 bond and held in custody for 13 days unlawfully and punitively in violation of procedural rules and constitutional protections." Doc. 13 at 5.
- In Count IV, Plaintiff states he "was arrested on a warrant issued without legitimate jurisdiction and coerced into a guilty plea under duress without legal representation, violating constitutional protections." *Id.* at 6.
- In Count VI, Plaintiff states his "incarceration for inability to pay a monetary amount without offering alternatives constitutes unlawful debtors' imprisonment." *Id.* at 7.

Elsewhere, Plaintiff alleges all "Defendants" are collectively liable for the various claims contained within each count. *Id.* at 4–9.

In addition to these types of conclusory statements, Plaintiff provides other legal conclusions without factual context in each count of the pleading (e.g. "Violation of the Eighth Amendment's prohibition on excessive bail" (*Id.* at 5); "Violation of the Fifth and Fourteenth Amendments' protection against involuntary guilty pleas and coerced confessions" (*Id.* at 6)).

Within each titled count (e.g. Count I – Denial of Due Process), Plaintiff proceeds to provide alphabetized lists of additional alleged statutory or constitutional violations along with caselaw. Doc. 13 at 4–9. The only claim that identifies an individual Defendant is Count III, which states "Clerk personnel, including Mrs. Woodall, refused or delayed acceptance of Plaintiff's legal documents, denying Plaintiff's constitutional right to petition courts." *Id.* at 5. Plaintiff provides no connection linking this claim to any factual matter in the facts section of this complaint.

Upon its § 1915 review of the Second Amended Complaint, the Court finds that there are two independent grounds for dismissal: (1) failure to state a claim; and (2) failure to follow a Court order. The Court will address each in turn.

First, Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted, meriting dismissal under § 1915. To comply with the Federal Rules of Civil Procedure, a plaintiff is required to set forth both a cognizable legal claim and sufficient factual allegations to support the asserted claim, thereby showing that he is plausibly entitled to the relief being sought. Fed. R. Civ. P. 8(a)(2)–(3). Plaintiff's Second Amended Complaint provides factual allegations that are adequately separated into clear separate paragraphs; however, Plaintiff's allegations concern large swaths of time that are presented

in a narrative form without making it clear which Defendants were involved in which activities and what alleged wrongs occurred.

Also, Plaintiff includes legal conclusions amidst the factual narrative, which the Court must ignore. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (alteration in original) (internal citations removed). For example, Plaintiff states his time in custody in September 2023 "violate[d] Rule 7 of Alabama Rules of Criminal Procedure and the Eighth Amendment," and that his guilty plea "was coerced . . . under duress." Doc. 13 ¶¶ 13–14. He further states the legal conclusion that Webb Municipal Court "did not have jurisdiction to prosecute, convict, warrant, jail or issue such an excessive bail amount" and that this "was a clerical error." *Id.* ¶ 15. As explained above, Plaintiff alleges various causes of action against no specific Defendant at all or otherwise makes conclusory allegations against multiple Defendants collectively. The amended pleading lacks facts supporting the action of each Defendant sufficient to state a plausible claim. *Twombly*, 550 U.S. at 555 ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." (internal citations omitted)).

Second, Plaintiff failed to follow a Court order. Plaintiff was ordered to file an amended complaint that complied with the Federal Rules of Civil Procedure and the requirements set out in the order. Doc. 9. As demonstrated above, Plaintiff failed to adhere

to the Federal Rules of Civil Procedure. He also failed to meet the requirements set out in the Order to amend the complaint. Plaintiff did not clearly indicate which specific factual allegations provide support for which claims against the named defendant or exclude generalized and immaterial facts, statements, and allegations. *Id.* at 3–5. Plaintiff failed to heed the requirements of the Court's order.

Based on Plaintiff's failure to obey court orders, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is generally not an abuse of discretion where litigant has been forewarned). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.* at 102.

## IV.    CONCLUSION

For these reasons, the undersigned RECOMMENDS this case be DISMISSED without prejudice. It is further

ORDERED that on or before **October 24, 2025**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal

conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 10th day of October, 2025.

KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE